UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17

CIVIL MINUTES - GENERAL

| Case No. | CV 11-0421 PSG (PJWx) | Date | July 26, 2011 |
|---|---|---|---|
| Title | The Wine Group, LLC. v. USA California Fengshiya Wine Group, Ltd. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | | Not Present | n/a |
| Deputy Clerk | | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:** **(In Chambers) Order GRANTING Plaintiff's Motion for Default Judgment**

Pending before the Court is Plaintiff The Wine Group, LLC's ("Plaintiff" or "TWG") motion for default judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of the motion, the Court GRANTS the motion.

I.   Background

On January 13, 2011, Plaintiff filed a complaint against Defendant USA California Fengshiya Wine Group, Ltd. ("Defendant"), alleging claims for trademark infringement (15 U.S.C. §§ 1114 and 1125), trade dress infringement (15 U.S.C. § 1125), trademark counterfeiting (15 U.S.C. §§ 1114 and 1116), trade name infringement (Cal. Bus. & Prof. Code §§ 14401 *et seq*.), unfair competition (Cal. Bus. and Prof. Code § 17200), and restitution based on unjust enrichment. Plaintiff claims that Defendant infringed and counterfeited its trademarks and trade dress by purchasing, marketing, and selling California wine through its subsidiary in China. *Mot.* 6:13-15.

On February 16, 2011, the Clerk for the United States District Court for the Central District of California entered default against Defendant. *See* Dkt. #9 (July 21, 2010). On June 3, 2011, Plaintiff moved for default judgment against Defendant, seeking permanent injunctive relief, $2,500,000.00 in statutory damages, and $12,889.50 in attorneys' fees and costs.

II.  Legal Standard

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0421 PSG (PJWx) | Date | July 26, 2011 |
|---|---|---|---|
| Title | The Wine Group, LLC. v. USA California Fengshiya Wine Group, Ltd. | | |

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party default was entered, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented, (4) that the War and National Defense Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply, and (5) that notice of the application has been served on the defaulting party, if required. *See* Fed. R. Civ. P. 55(b)(2); L.R. 55-1.

Ultimately, the choice as to whether a default judgment should be entered is at the sole discretion of the court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

Finally, the Court notes that once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

III.    Discussion

    A.    Requirement for Default

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55-1. Specifically, Plaintiff has set forth that (1) the clerk entered default against Defendant on February 16, 2011; (2) the default is based on Plaintiff's Complaint; (3) Defendant is not an infant or incompetent person; (4) Defendant is not in active military service; and (5) Plaintiff served Defendant with notice of Plaintiff's application for default judgment. The Court also finds that consideration of the *Eitel* factors weighs in favor of granting Plaintiff's motion. *See Eitel*, 782 F.2d at 1471-72.

    B.    Relief

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0421 PSG (PJWx) | Date | July 26, 2011 |
|---|---|---|---|
| Title | The Wine Group, LLC. v. USA California Fengshiya Wine Group, Ltd. | | |

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc.*, 826 F.2d at 917-18. In addition any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. *See* Fed. R. Civ. P. 54(c). If the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, Plaintiff requests (1) permanent injunctive relief; (2) $2,500,000.00 in statutory damages; and (3) $12,889.50 in attorneys' fees and costs.

      1.      <u>Permanent Injunctive Relief</u>

Plaintiff first requests permanent injunctive relief, arguing that, unless enjoined, Defendant's conduct "will continue to have significant financial impact on TWG." *Compl.* ¶ 20. The Court GRANTS this request, to the extent that injunctive relief remains necessary.

      2.      <u>Statutory Damages</u>

Second, Plaintiff seeks to recover an award of $2,500,000.00 in statutory damages under 15 U.S.C. § 1117(c). Damage inquiries under Section 1117(c) look to both compensatory (e.g. actual losses and trademark value) and punitive (e.g. deterrence of other infringers and redress of wrongful defense conduct) considerations. *See Sara Lee Corp. v. Bags of New York, Inc.,* 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999). Section 1117(c) provides, in relevant part:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of (1) not less than $ 1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0421 PSG (PJWx) | Date | July 26, 2011 |
|---|---|---|---|
| Title | The Wine Group, LLC. v. USA California Fengshiya Wine Group, Ltd. | | |

15 U.S.C § 117(c)(1)-(2). Statutory damages for trademark infringement is particularly appropriate in default cases such as this, where there is a lack of information regarding a defendant's sales and profits. *See Sara Lee Corp,* 36 F. Supp. 2d at 165.

The Lanham Act does not provide guidelines for courts to use in determining an appropriate award. *Louis Vuiton Malletier & Oakley, Inc. v. Veit*, , 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002). Consequently, if a plaintiff elects statutory damages, a court has wide discretion in determining the amount of statutory damages to be awarded. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir. 2001). Some courts will consider estimates of actual damages in calculating statutory damages; however, "there is no necessary mathematical relationship between the size of [an award of statutory damages] and the extent or profitability of the defendant's wrongful activities." *Sara Lee Corp.,* 36 F. Supp. 2d at 165 (internal quotations and citations omitted); *see also Herman Miller, Inc. v. Alphaville Design, Inc.,* No. C 08-03437, 2009 WL 3429739, at *9 (N.D. Cal. Oct. 22, 2009).

Here, Plaintiff requests a statutory damage award of $2,500,000.00. Plaintiff bases its request on both the statutory maximum for willful counterfeiting and Defendant's revenues from the sales of the counterfeit wine.[1] Plaintiff claims that "because there are three separate counterfeit wine products [FRANZIA, FRANZFK, and INGLENOOK] and because the counterfeiting is willful, TWG would be entitled to an award of statutory damages of up to $3,000,000." *Mot.* 15:18-20. In calculating a statutory damage award of $2,500,000, however, Plaintiff also considered Defendant's gross revenues from the sales of the counterfeit wine, which allegedly range between $1,490,000.00 and $2,130,000.00.[2] *Mot.* 16:1-2. Plaintiff argues that because Defendant's gross sales fell within the $3,000,000 statutory maximum, a statutory

---

[1] Plaintiff improperly cites the statutory maximum for willful counterfeiting as $1,000,000 per counterfeit mark per type of good sold, and therefore, uses this figure in calculating statutory damages under 15 U.S.C. § 1117(c). *Mot.* 15:15-20. The statutory maximum under 15 U.S.C. § 17(c) for willful counterfeiting is actually $2,000,000 per counterfeit mark per type of good sold.

[2] Plaintiff received information regarding Defendant's revenues from the sales of the counterfeit wine through a private investigation, in which an investigator who purportedly spoke with an officer of Plaintiff's Chinese subsidiary was told that Defendant had grossed between $1,490,000 and $2,130,000. *See Sutton Decl.* ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

#17   O

| Case No. | CV 11-0421 PSG (PJWx) | Date | July 26, 2011 |
|---|---|---|---|
| Title | The Wine Group, LLC. v. USA California Fengshiya Wine Group, Ltd. | | |

award of $2,500,000 is therefore adequate. *Mot.* 16:10-13.

While the Court takes as true Plaintiff's well-pleaded allegation that Defendant willfully infringed and counterfeited TWG's trademarks, the Court does not find Plaintiff's request for an award of $2,500,000 reasonable. *See Herman Miller, Inc.,* 2009 WL 3429739, at *9 ("Statutory damages are intended to serve as a deterrent, but that does not justify such a windfall."). Although Plaintiff provides an estimate of Defendant's revenues from the sales of the counterfeit wines, Plaintiff does not support these figures with evidence nor present any documentation confirming the amount of actual profit. *Compare Herman Miller*, 2009 WL 3429739, at *9 (denying plaintiff's request for statutory damages because plaintiff failed to provide enough evidence to support a statutory damage award of $4,000,000), *with Chanel, Inc. v. Lin, et al.,* No. C-09-04996, 2010 WL 25557503, at *13 (N.D. Cal. May 7, 2010) (granting plaintiff's request for statutory damages because plaintiff provided evidence of the infringement for each of the nineteen marks). While a lack of information regarding Defendant's sales and profits does not preclude an award of statutory damages, a reasonable statutory damage award must bear a plausible relationship to the Defendant's profits from infringement. *See Chanel, Inc. v. Doan,* No. C 05-0346, 2007 WL 781976, at *5 (N.D. Cal. May 13, 2007). Without more information, Plaintiff's request of a $2,500,000 statutory damage award is not warranted. Accordingly, the Court finds an award in the amount of $150,000 per counterfeited mark, totaling $450,000, more reasonable.

### 3.      Attorneys' Fees and Costs

Finally, Plaintiff requests attorneys' fees and costs in the amount of $12,889.50. The Lanham Act allows courts to award reasonable attorneys' fees "in exceptional cases." *See* 15 U.S.C. § 1117(a). A case is "exceptional" under the Lanham Act "when the infringement is malicious, fraudulent, deliberate or willful." *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 711 (9th Cir. 1999) (internal quotation omitted). Furthermore, Section 1117(a) provides that plaintiffs are "entitled, subject to the principles of equity, to recover costs of the action." 15 U.S.C. § 1117(a).

Specifically, Plaintiff seeks $12,390 in attorney's fees and $499.50 in costs of the action, totaling $12,889.50. According to Plaintiff's general counsel, one of Plaintiff's attorneys billed 33 hours in this matter at a rate of $350/hour, and another billed 2.8 hours at a rate of $300/hour. *See Sutton Decl.* ¶ 6. In the Court's experience, these rates and hours are reasonable for experienced counsel in California. Accordingly, the Court finds Plaintiff's request for $12,390.00 in attorneys' fees to be reasonable. *See Sutton Decl.* ¶ 6. Furthermore, Plaintiff seeks

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0421 PSG (PJWx) | Date | July 26, 2011 |
|---|---|---|---|
| Title | The Wine Group, LLC. v. USA California Fengshiya Wine Group, Ltd. | | |

reimbursement of costs in the amount of $499.50, consisting of filing fees ($444.50) and process server fees ($55). *See Sutton Decl. ¶* 7. The Court finds this request reasonable as well. Accordingly, it holds that Plaintiff is entitled to $12,889.50 in attorneys' fees and costs.

IV.  Conclusion

Based on the foregoing, the Court GRANTS Plaintiff's motion for default judgment against Defendant. Plaintiff is hereby awarded permanent injunctive relief, $450,000.00 in statutory damages, and $12,889.50 in attorneys' fees and costs. Plaintiff is further instructed to submit a proposed judgment consistent with this Order by **August 5, 2011.**

**IT IS SO ORDERED.**